UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ALAN MAXON,

        Petitioner,                   Case No. 1:07-cv-363

v.                                            Honorable Paul L. Maloney

MARY K. BERGHUIS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus petition filed under 28 U.S.C. § 2254. The case has been answered and record materials have been filed under Rule 5, RULES GOVERNING § 2254 CASES. The matter presently is before the Court on Petitioner's motion to stay the case pending exhaustion of certain additional claims in the state courts (docket #33). Also pending is Petitioner's motion to transfer to the Eastern District of Michigan (docket #35). For the reasons that follow, Petitioner's motion to stay will be held in abeyance, and Petitioner's motion to transfer will be denied.

**I.**

Petitioner presently is incarcerated in the West Shoreline Correctional Facility. He was convicted in the Lapeer County Circuit Court of three counts of first-degree criminal sexual conduct (CSC) and one count of second-degree CSC. He was sentenced to concurrent prison terms of twenty to forty years for each of the first-degree CSC convictions and six to fifteen years for the second-degree CSC conviction.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on November 12, 2002. Petitioner applied for leave to appeal in the Michigan Supreme Court. On May 30, 2003, the supreme court issued an order holding Petitioner's application in abeyance pending its decision in *People v. McNally*, 679 N.W.2d 301 (Mich. 2004). The Michigan Supreme Court ultimately denied Petitioner's application for leave to appeal on October 8, 2004, although Justices Kelly and Cavanaugh would have granted leave.

On September 19, 2005, Petitioner filed a motion for relief from judgment in the Lapeer County Circuit Court. The trial court denied his motion on November 8, 2005. The Michigan Court of Appeals denied his application for leave to appeal on July 6, 2006. Petitioner applied for leave to appeal in the Michigan Supreme Court. On February 7, 2007, the supreme court remanded Petitioner's case to the trial court for re-sentencing, but denied his application in all other respects.

On February 19, 2007, Petitioner filed a motion to disqualify the trial judge, alleging judicial bias. He then filed on April 10, 2007 the instant habeas petition, raising the same seven grounds he presented to the state trial and appellate courts in his motion for relief from judgment. Petitioner's habeas application, which was not filed on the proper form, made reference to his uncertainty about whether the remand for resentencing would continue to toll his habeas statute of limitations. Petitioner was ordered to file an amended petition on the form on May 1, 2007, with which he complied on May 24, 2007. He did not raise in the amended petition any concern about unexhausted claims. On June 22, 2007, the Court ordered the state to answer the habeas petition. The state filed a response on December 19, 2007. On January 28, 2008, Petitioner filed a motion to strike the state's response.

In the interim, on November 21, 2007, Petitioner was resentenced by the Lapeer County Circuit Court. On December 20, 2007, Petitioner appealed his new sentence to the Michigan Court of Appeals. In an unpublished opinion issued April 21, 2009, the court of appeals reversed the sentence and remanded the case yet again for resentencing. The state sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on September 16, 2009.

On November 30, 2009, acting on the order of remand, the Lapeer County Circuit Court again resentenced Petitioner. At that time, Petitioner was sentenced to three terms of eleven to twenty-four years for the three first-degree CSC convictions and six to fifteen years for the second-degree CSC conviction.

**II.**

A.  Motion to Stay

Petitioner moves to stay the instant case pending exhaustion of Petitioner's state-court remedies on certain unspecified constitutional claims. While the Court may stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such a stay "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under *Rhines*, a request for a stay should only be granted where (1) the petitioner has demonstrated good cause for his failure to exhaust the claims at issue, (2) the unexhausted claims are potential meritorious, and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Petitioner twice previously has sought a stay of these proceedings. First, on January 28, 2008, he filed a motion to strike the response to the petition (docket #12), in which he argued

that the present proceedings should be stayed while he exhausted unspecified claims. The undersigned denied the motion without prejudice (docket #30) because Petitioner had failed to identify his unexhausted claims or to demonstrate that those claims were potentially meritorious under *Rhines*, 544 U.S. at 278. On October 9, 2008, Petitioner filed a renewed motion to stay and strike Respondent's answer (docket #33). Again, however, Petitioner failed entirely to state what precise constitutional claims he was attempting to exhaust. The undersigned denied the renewed motion without prejudice (docket #32), again advising Petitioner that he had failed to identify the claims he sought to pursue in state court or to demonstrate that those claims had merit.

Petitioner filed this, his third motion to stay the proceedings on June 29, 2009. At that time, the Michigan Court of Appeals once again had remanded his case for resentencing, but the Michigan Supreme Court had not yet issued its September 16, 2009 order denying the state leave to appeal, and the Lapeer County Circuit Court had not yet held its resentencing of November 30, 2009. Since his resentencing, Petitioner has not indicated whether he intends to appeal the new sentence or whether he continues to request a stay of these proceedings to do so. Although Petitioner has one year to file a delayed application for leave to appeal his new sentence in the Michigan Court of Appeals, that appeal would be limited to any issues arising out of the new sentencing. The claims that originally formed the basis for his motion to stay – the unidentified constitutional claims he alleges he raised in his last appeal – are now exhausted. It therefore is not clear at this juncture if Petitioner intends to file yet another appeal and, thus, whether he continues to require a stay.

Accordingly, the Court will hold in abeyance Petitioner's motion to stay these proceedings. Within 21 days of this Opinion and Order, Petitioner will be directed to file one of the

following: (1) an affidavit stating (a) he intends to file in the Michigan Court of Appeals an appeal from the November 30, 2009 judgment of sentence, (b) he has additional unexhausted constitutional claims he intends to exhaust in that appeal, including a list of such claims, and (c) he continues to request a stay of these proceedings; or (2) a motion to amend the petition, together with a proposed amended petition on the form, in which he lists all of the claims he intends to raise in this proceeding. Should Petitioner fail to comply with this order, the Court will deny the motion to stay and will proceed on the previously raised claims.

B. <u>Motion to Transfer</u>

Petitioner moves to transfer this action to the Eastern District of Michigan. An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). Petitioner was convicted in the Lepeer County Circuit Court. At the time he filed his petition, he was incarcerated at the West Shoreline Correctional Facility, which is located in Muskegon County. Lapeer County is located in the Eastern District of Michigan, while Muskegon County is located in this District. *See* 28 U.S.C. § 102(a)-(b). Consequently, venue was proper in either district when Petitioner's case was filed. Where an action could be properly filed in more than one district, a federal court may transfer the matter, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses to any other district where it might have been brought. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973). Under that section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

This Court typically retains a habeas case filed by a prisoner who was lodged in this district when he initiated the action, even if he is subsequently transferred to the Eastern District. The Eastern District is not necessarily a more convenient venue because parties in habeas corpus actions rarely are required to appear in Court. In addition, Petitioner may be moved to another facility at any time; indeed, given Petitioner's outstanding request for a stay, some significant time may pass before the petition is heard, making an intervening transfer increasingly likely. Further, this Court already has conducted an initial review of the petition and has issued numerous orders. Respondent has answered and has filed numerous volumes of transcripts and other record materials. It therefore is far from clear that a change of venue to the Eastern District would benefit any party or serve the interest of justice. Accordingly, Petitioner's motion to transfer this action to the Eastern District will be denied.

## III.

For the foregoing reasons, Petitioner's motion to stay these proceedings (docket #33) is **HELD IN ABEYANCE** pending Petitioner's submission within 21 days of either an affidavit or amended petition as described in this Opinion. Petitioner's motion to transfer the action (docket #35) is **DENIED**.

An Order consistent with this Opinion shall follow.


Date: February 25, 2010            /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge