UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY MAXON, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:07-cv-363 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| THOMAS BELL, | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Jeffrey Maxon, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), proceeding pro se, filed an application for writ of habeas corpus under 28 U.S.C. § 2254. Maxon was convicted in 2001 by a jury in state court of three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The magistrate judge reviewed the petition and issued a report recommending the petition be denied. (ECF No. 59.) Maxon timely filed objections. (ECF No. 63.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court has carefully considered Petitioner's objections to the Report and

Recommendation.  Generally, Petitioner's objections merely reassert the same arguments presented in his petition, or earlier in either his direct appeal or his state-level collateral attack.  Although Petitioner expresses disagreement with the magistrate judge's conclusions, Petitioner's reasoning finds little support in either law or fact.  The Court finds the Report and Recommendation accurately summarizes the relevant facts based on the testimony presented at trial.  Petitioner's version of the facts isolates individual words, phrases, or statements and fails to consider them in the context in which they were made.  The Court further finds the Report and Recommendation accurately outlines the relevant law on each of Petitioner's claims.  Petitioner's objections generally rely misstatements of the law and opinions that do not apply to his situation.

Accordingly, the report and recommendation is **ADOPTED**, over objections, as the opinion of this Court.

## Certificate of Appealability

A district court must issue a certificate of appealability either at the time the application for writ of habeas corpus is denied or upon the filing of a notice of appeal.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).  Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability.  *Murphy v. Ohio*,

551 F.3d 485, 492 (6th Cir. 2009).

The Court has reviewed the petition and objections for the purpose of deciding whether to issue a certificate of appealability. The Court declines to issue any such certificate. Reasonable jurists would agree that Petitioner has failed to establish a violation of his rights under the Confrontation Clause. Petitioner was able to cross examine all witnesses whose testimonial statements were offered against him. Reasonable jurists would agree that Petitioner has failed to establish that the Prosecutor made improper comments during closing argument. When viewed in context, the Prosecutor did not vouch for the victim, call Petitioner a liar, or shift the burden of proof. The Prosecutor did not suggest that Petitioner's failure to appear at a meeting with Trooper Nael indicated Petitioner's guilt. On this point, the Supreme Court has not held that pre-*Miranda* warnings must be given over the telephone when an officer arranges to meet a suspect. Reasonable jurists would agree that the trial court judge did not improperly instruct the jury. On this point, Petitioner fails to view the facts in the light most favorable to the Government. Furthermore, Petitioner's jury instructions argument does not raise a claim of constitutional magnitude. Reasonable jurist would agree that Petitioner has not established that the trial judge was biased or that such bias rose to a level of constitutional significance. Reasonable jurists would agree that Petitioner's sentencing claims rely on assumptions unsupported by law and do not rely on precedent clearly established by the Supreme Court. Reasonable jurists would agree, contrary to Petitioner's claims, that trial counsel's performance before, during, and after trial, must be evaluated under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and did not fall below an objective standard of reasonableness. Similarly, reasonable jurists would agree that appellate counsel's performance did not fall below an objective standard of reasonableness.

For the reasons provided above, **IT IS HEREBY ORDERED** that

1.      The report and recommendation (ECF No. 59) is **ADOPTED** over objections, as the opinion

of this Court;

2.      Jeffrey Maxon's application for writ of habeas corpus filed under 28 U.S.C. § 2254 is

**DENIED**; and

3.      A Certificate of Appealability is **DENIED.**


Date:   October 4, 2011                                      /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             Chief United States District Judge

4